No. 12,191.

GREAT WESTERN FINANCE COMPANY *v.* DAVIS, ET AL.

Decided November 5, 1928.

Mr. J. NELSON TRUITT, Mr. R. P. SHATZ, for plaintiff in error.

Mr. WILLIAM H. ANDREW, for defendants in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Lymon B. Davis and Kathleen Davis, husband and wife, recovered a judgment against The Great Western Finance Company before a justice of the peace. On appeal, the county court also rendered judgment in their favor.

As the action was commenced before a justice of the peace, we have no pleadings to aid us in determining the nature of the action. However, the plaintiffs' requests for instructions at the trial in the county court, and the instructions given by the court, state that the action was brought for damages for the breach of a contract to give a lease of certain residence property on Milwaukee street in Denver. The plaintiffs, the defendant and the county court agreed that such was the nature of the action; and that is the plaintiffs' claim in this court. We will consider the action, therefore, as one brought for that purpose.

Mrs. Stansfield was the owner of the property, and the finance company was her agent, authorized to rent the property for her. Mr. Riedel, who was in the employ of another company, obtained from the finance company permission to find a tenant for the property. The plaintiffs contend that, through Riedel and the finance company, they obtained a binding agreement to lease the property to them for one year; that there was a breach of that agreement in this, that the lease was not given to them, but was given to others, and that when, at Riedel's suggestion, the plaintiffs attempted to move into the house, they were not permitted to do so.

Assuming that the evidence proves all that the plaintiffs claim for it, the owner would be bound by the contract to give a lease to the plaintiffs; the owner, therefore, not her agent, the finance company, would be liable for a breach of that contract. When a real estate agent,

acting in behalf of the owner, and with authority to do so, agrees to lease the owner's property, the owner, not the agent, is bound by that agreement. Whether there was a binding contract, or a breach thereof, it would not be proper for us to determine in this action, the owner not being a party. The finance company is not sued for making the contract in behalf of the owner without having authority to do so, assuming or falsely representing that it had such authority; but is sued, as we have seen, for the breach of a contract to which it is not a party.

The judgment is reversed, and the cause is remanded with the direction to dismiss the action.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.